**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 13-cv-01837-WYD-KMT

**JOANIE LATIN,**

       Plaintiff,

**v.**

**BELLIO TRUCKING, INC.,**
       a Colorado corporation,

       Defendant
_____

**STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF "CONFIDENTIAL INFORMATION"**
_____

      This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" ("Protective Order") is entered into by Plaintiff Joanie Latin and Defendant Bellio Trucking, Inc., on the date entered by the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

      Plaintiff and Defendant have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing, documents, testimony, and other information that contains or may contain sensitive proprietary, business, financial, client, personal, medical, and personnel information (hereinafter "Confidential Information"). The Court is entering this Order to allow the parties to produce such "Confidential Information" while preserving it from unauthorized, unnecessary disclosure.

      Therefore, the parties stipulate and the Court hereby orders that the following principles and procedures designed to ensure the protection of "Confidential Information" will govern the production and disclosure of such "Confidential Information":

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of the parties.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information" ) shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including the plaintiff and designated representatives for the defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees (" Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. Such written acknowledgment shall be in the form as provided in Exhibit "A" to this Stipulated Protective Order, attached hereto and incorporated herein.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Information may be designated as "Confidential Information" in the following manner:

      a.      By imprinting or affixing a label with the word "Confidential" or "CONFID" on the first page or cover of any document; or

      b.      By typing the word "Confidential" or "CONFID" or imprinting or affixing a label with the word "Confidential" or "CONFID" next to or above any response to an Interrogatory or Request for Admission; or

      c.      With respect to information which has previously been disclosed, by giving written notice to opposing counsel designating the specific information as confidential within fifteen (15) days of the date the information was disclosed or within fifteen (15) days after the Court approves this Protective Order, whichever is later; or

      d.      With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as confidential no later than thirty (30) days after the testimony is given; or

      e.      With respect to transcribed testimony, by designating such portions as confidential on the record at the time such testimony is given or by designating such portions as confidential no later than thirty (30) days following receipt of the transcribed testimony.

      8. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed

information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.

If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, all "Confidential Information" shall be destroyed and/or archived according to the normal business practices of the respective recipient party's legal counsel.

10. The fact that some documents are designated as "Confidential Information" under this Order will not affect any party's right to permit material that it designated as "Confidential Information" to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes.  This Stipulation and Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

11. With regard to any pleading, brief, or other document filed with the Court that specifically discusses the contents of, quotes from, or incorporates specific information from any "Confidential Information", the parties shall comply with D.C.COLO.LCivR 7.2.

12. By agreeing to the entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order.

Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which "Confidential Information" will be treated at trial.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" is approved by and entered as an order of the Court.

DATED:  November 4, 2013

BY THE COURT:

_____
Kathleen M. Tafoya
U.S. Magistrate Judge

**Agreed to and Approved**:

*s/Kent E. Eichstadt*
Kent E. Eichstadt
MCCURDY & EICHSTADT, P.C.
9085 E. Mineral Circle, Suite 380
Centennial, CO 80112
(303) 832-8870
(303) 832-8871(FAX)
eichstadt@mccurdy-eichstadt.com
*Attorney for Plaintiff Joanie Latin*

*s/John F.X. McBride*
John F.X. McBride
1626 Washington Street
Denver, CO 80203
(303) 797-8045
john.mcbride.law@gmail.com

*Attorney for Defendant
Bellio Trucking, Inc.*

6

## EXHIBIT "A"

## WRITTEN ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the pending litigation between Joanie Latin and Bellio Trucking, LLC, that he/she is one of the persons contemplated in Paragraph 4 of the Stipulated Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Protective Order.  The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Protective Order.

Date:_____

_____
Signature

_____
Title or Position

_____
Printed Name