IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01837-WYD-KMT

JOANIE LATIN,

     Plaintiff,

v.

BELLIO TRUCKING, INC., a Colorado corporation,

     Defendant.

_____

**ORDER**
_____

I.     INTRODUCTION

     Plaintiff Joanie Latin initiated this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* claiming that her former employer, Bellio Trucking, Inc., owned by Derald Bellio and Mark Bellio (collectively referred to as "Bellio"), discriminated against her on the basis of her gender.  Plaintiff also asserts a pendant state law claim for wrongful discharge in violation of public policy as set forth in the Colorado Anti-Discrimination Act ("CADA").[1]

     This matter comes before the Court on Defendant's Motion for Summary Judgment (ECF No. 60), filed March 10, 2015.  Defendant claims that Plaintiff cannot establish a *prima facie* case of gender discrimination and also claims that it did not, in

---

[1] Plaintiff voluntarily withdraws her claim of underpayment of $20.00 per day per diem compensation under the Colorado Wage Claim Act ("CWCA"), and that portion of her Title VII gender discrimination terms and conditions of employment claim, which is premised on the theory that her male counterparts received higher per diem payments than she received.  (Resp. ¶¶ 36, 46-47; Final Pretrial Order at 5).  Thus, these claims are deemed withdrawn and are not considered in this Order.

fact, terminate Plaintiff's employment. The motion is denied.

This is an employment case. The Complaint alleges that Plaintiff was the sole, female truck driver employed at Bellio's Denver facility. Plaintiff was initially employed by Bellio from approximately June 2005 to March 2008. (Compl. ¶ 11). She was re-employed by Bellio from approximately August 17, 2009 to July 13, 2011 when she alleges that she was terminated. (Compl. ¶ 12). Plaintiff had a commercial driving license ("CDL") and hauled freight for Bellio in Colorado and other states. She alleges that despite being qualified to perform her job and Bellio's satisfaction with her job performance (prior to the event that led to her termination), Plaintiff suffered gender discrimination in the form of sexual harassment, hostile work environment, discrimination as to the terms and conditions of her employment, and discrimination resulting in termination. (Compl. ¶¶ 11-123).

II.   STANDARD OF REVIEW

The purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Pursuant to Fed. R. Civ. P. 56(c), the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Equal Employment Opportunity Comm'n. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). When applying this standard, I examine the factual record in the light most favorable to the party opposing summary judgment, extending to

that party all reasonable factual inferences. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).  A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. 2505.  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."  *Id.* at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there are no genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Justice v. Crown Cork & Seal Co.*, 527 F.3d 1080, 1085 (10th Cir. 2008).  Once the moving party meets its burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which he or she carries the burden of proof.  *Nat'l Am. Ins. Co. v. Am. Re–Ins. Co.*, 358 F.3d 736, 739 (10th Cir. 2004); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As to these matters, the nonmoving party may not rest on his or her pleadings but must set forth specific facts.  Fed. R. Civ. P. 56(e)(2); *Matsushita*, 475 U.S. at 586–87, 106 S.Ct. 1348; *Justice*, 527 F.3d at 1085.

III.   ANALYSIS

   Title VII and CADA Gender Discrimination Claims

Title VII of the Civil Rights Act of 1964 and the CADA prohibit employers from discriminating against employees and applicants for employment on the basis of race,

color, religion, sex, or national origin.  42 U.S.C. § 2000e-2(a)(1); Colo. Rev. Stat. § 24–34–401 et seq.  To state a valid claim under Title VII, a plaintiff must prove by a preponderance of the evidence that the employer engaged in intentional discrimination.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 505-06 (1993).   A plaintiff alleging discrimination on the basis of race, sex, or age may prove intentional discrimination through either direct evidence of discrimination (e.g. oral or written statements on the part of a defendant showing a discriminatory motivation) or indirect (i.e. circumstantial) evidence of discrimination.  *See Daniels v. United Parcel Service, Inc.*, 701 F.3d 620, 627 (10th Cir. 2012).  When a plaintiff does not have direct evidence of discrimination, a plaintiff may rely on indirect evidence by invoking the analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In *McDonnell Douglas*, the Supreme Court "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases."  *Hicks*, 509 U.S. at 504.  When the *McDonnell Douglas* analysis is utilized, the burden of production shifts from plaintiff to defendant and back to plaintiff.  *McDonnell Douglas*, 411 U.S. at 802.  If a plaintiff establishes a *prima facie* case, then the burden of production shifts to the defendant to present evidence that it had a legitimate nondiscriminatory reason for its action.  *Id.* at  802-03.  If the defendant meets its burden of production, the plaintiff must then demonstrate that the defendant's proffered explanation is pretextual.  *Id.* at 804.  Evidence of pretext, plus the establishment of a *prima facie* case, is sufficient to avoid summary judgment, and plaintiff is not required to present direct evidence of an illegal discriminatory motive.  *Reynolds v. School Dist. No. 1*, 69 F.3d 1523 (10th Cir. 1995).

Defendant argues that Plaintiff's claim for gender discrimination must be dismissed because she has failed to make out her *prima facie case*. In order to survive summary judgment, a plaintiff must first establish a *prima facie* case of gender discrimination, which requires proof that he or she: 1) belongs to a protected class; 2) suffered an adverse employment action; 3) was qualified for the positions at issue, and 4) was treated less favorably than others not in the protected class. *See Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1238 (10th Cir. 2002). Bellio maintains that Plaintiff cannot make out her *prima facie* case in that she cannot demonstrate that 1) she suffered an adverse employment action; or 2) that she was treated less favorably than similarly situated male employees.

In cases of discrimination based on gender, adverse employment actions are tangible "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Piercy*, 480 F.3d at 1203 (quoting *Hillig v. Rumsfeld*, 381 F.3d 1028, 1032–33 (10th Cir. 2004)). "[A] mere inconvenience or an alteration of job responsibilities" does not constitute an adverse employment action. *Id.* (quoting *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 532 (10th Cir. 1998)). Since Title VII is a remedial statute, courts should "employ[ ] a liberal definition of adverse employment action and [apply] a case-by-case approach." *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1174 (10th Cir. 2003).

Plaintiff claims that she was fired from her employment after her truck broke

down out of state and required both towing and repair costs.[2]  Plaintiff states that Derald Bellio approved the repairs to her truck, but Mark Bellio accused Plaintiff of having unnecessary repairs done on the truck and intentionally letting the truck run out of fuel. It is undisputed that Mark Bellio then told Plaintiff to "[g]et your shit out of my truck and get the fuck out of here." (Mot. at 2; Resp. at 2).  Plaintiff interpreted this statement to mean that she was fired from her employment.  In support, Plaintiff provides a detailed, factual account of a subsequent conversation she had with Derald Bellio where she explained to him that Mark had fired her.  Derald did not contradict this statement.  In fact, Plaintiff stated that no one informed her that she was not fired and that she should return to work.  Plaintiff further provides evidence that she did not receive any pay following this incident.  Defendant disputes that Mark's statement constituted a firing or an adverse employment action.  Accordingly, I conclude that Plaintiff has raised issues of fact related to whether she was subjected to a materially adverse employment action.

Defendant goes on to assert that while Title VII prohibits discrimination, "it does not guarantee employees a pleasant work environment." (Mot. at 15).  As to Plaintiff's allegations of sexual harassment and hostile work environment, Defendant explains that any offensive conduct directed at the Plaintiff merely constituted "stray remarks made by non-decision makers." (Mot. at 16).  As to Plaintiff's claims that male truck drivers at Bellio were treated more favorably, Defendant proffers the deposition testimony of Derald Bellio, who disputes each of the 23 instances Plaintiff cites where male truck

---

[2] Plaintiff states that the "record is replete with evidence that Defendant's male truck drivers were involved in significant property damage or accident events.  None were terminated." (Resp. at 44).

drivers were not disciplined or fired when they damaged a Bellio owned truck. Defendant also disputes Plaintiff's claims that she was discriminated against because: (1) she was forced to sleep overnight in her truck while male truck drivers were provided hotel rooms; (2) her truck did not receive necessary repairs while other trucks were repaired; and (3) she was not reimbursed for the cost of her showers.

In response, Plaintiff asserts that she can demonstrate that the Defendant's reasons for terminating her were pretextual, through procedural irregularities in connection with her termination, through evidence that similarly situated employees were treated differently than her, and through evidence about Defendant's employment practices in regard to females. A plaintiff shows pretext in one of three ways: (1) with evidence that the defendant's stated reasons for the adverse employment action were false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff. *Plotke v. White*, 405 F.3d 1092, 1102-03 (10th Cir. 2005) (internal citations omitted). A plaintiff's evidence can also allow for an inference that the "'employer's proffered non-discriminatory reasons [were] either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).'" *Id.* (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). Evidence of pretext may also include the use, by the employer, of subjective criteria in its employment decision. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1217-18 (10th Cir. 2002) (internal citations omitted).

Viewing the evidence in the light most favorable to the Plaintiff, I find that she has demonstrated a *prima facie* case of gender discrimination, and that she has demonstrated pretext. More specifically, Plaintiff has presented evidence of sexual harassment, a hostile work environment, disparate terms and conditions of employment, and a discriminatory firing. While Defendant argues that it had a legitimate nondiscriminatory reason for its action and disputes some or all of this evidence, I find that there are genuine issues of material fact as to same. Evidence of pretext, plus the establishment of a *prima facie* case, is sufficient to avoid summary judgment, and the plaintiff is not required to present direct evidence of an illegal discriminatory motive. *Reynolds*, 69 F.3d at 1523. Accordingly, I find that summary judgment is not proper on Plaintiff's asserted claims of discrimination based on gender.

Colorado has adopted the same standards applicable to Title VII cases when considering claims brought under the CADA. *Colo. Civil Rights Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 400-01 (Colo. 1997). Since I find that Plaintiff satisfied her burden to survive summary judgment on her gender discrimination claims under Title VII, I find that her CADA claims survive as well.

IV.  CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment (ECF No. 60) filed March 10, 2015, is **DENIED**.

Dated: November 2, 2015

BY THE COURT:

*/s/ Wiley Y. Daniel*
Wiley Y. Daniel
Senior United States District Judge